IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAWRENCE ANTHONY RAY,
county jail inmate #3542                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:10-cv-172-DPJ-FKB

STATE OF MISSISSIPPI AND
HINDS COUNTY                                                                              DEFENDANTS

## ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently confined in the Rankin County Jail, Brandon, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are the State of Mississippi and Hinds County. Upon review of the entire Court record, the Court has reached the following conclusions.

I.      Background

Initially, Plaintiff complained that he had been indicted in violation of his constitutional rights. Compl. [1] at 5. Plaintiff asserts that his due process and Sixth and Fourteenth Amendment rights had been violated because his liberty was at stake and he did not receive adequate notice of the charge against him. *Id*. Plaintiff elaborated on his claims by stating that he had initially been charged with business burglary and was then indicted for grand larceny, thus violating his constitutional rights. Resp. [7] at 4. Plaintiff argues that there was insufficient evidence to convict him of business burglary, so his charge was changed to grand larceny. *Id.* Plaintiff further argues that, since there was insufficient evidence to convict him of business burglary, the charges should have been dismissed and not changed to grand larceny. *Id.*

During the pendency of this civil action, Plaintiff notified this Court that he entered a guilty plea in the Hinds County Circuit Court on July 6, 2010. Resp. [13] at 1. Subsequently, Plaintiff states he was sentenced to seven years in the custody of the Mississippi Department of Corrections. *Id.* Plaintiff further states that six years and two months of his sentence were suspended, and he received credit for the ten months he had already served and was set to be released on two years' probation. *Id*. Plaintiff alleges that he has not been released because Hinds County still shows a pending business burglary charge in their records and that the records show that he is also being held due to outstanding fines that he argues have been previously paid. *Id*. at 2-3. As relief, Plaintiff seeks monetary damages, an order directing Hinds County to correct its records, and his immediate release from incarceration.

## II.    Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983.

  A. Request for Habeas Relief

  Initially, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't. of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id*. (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). If Plaintiff proves his claim that his indictment and subsequent conviction and imprisonment are illegal, and this Court grants the requested relief, it could result in Plaintiff receiving an early

release from custody. With this in mind, the Court has determined that Plaintiff must pursue his request for an early release from custody by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). In Plaintiff's response [11] he states that he filed a petition for habeas relief in the Circuit Court of Hinds County on February 11, 2010, and has not yet received a response. Resp. [11] at 2. As such, Plaintiff has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, based on the record before the Court, Plaintiff's request for release from custody will not be construed as a petition for habeas corpus relief.[2]

B.      Request for Monetary Damages

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

---

[2] The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by his indictment and subsequent conviction, it would necessarily imply the invalidity of his grand larceny conviction and resulting term of imprisonment. In addition, Plaintiff has failed to demonstrate that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 487. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey* at this time and will be dismissed.

    C.    Request for Mandamus Relief

Lastly, Plaintiff is requesting that this Court direct the Hinds County Circuit Court to "correct its records" by removing the business burglary charge and reflecting that the fines owed by Plaintiff have been paid. Resp. [13] at 3. As such, this claim will be construed as a request for mandamus relief. *See Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) (construing plaintiff's § 1983 complaint as a petition for mandamus because he was requesting that the district court direct the state court in the performance of their duties).

Mandamus relief is available "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Defendants are not officers or employees of the United States and, therefore, are not subject to the mandamus authority of this Court pursuant to 28 U.S.C. § 1361. Furthermore, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the

5

performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (holding mandamus relief not available to federal courts to direct state officials in the performance of their duties); *Rhodes v. Keller*, 77 F. App'x 261, 261 (5th Cir. 2003) (holding district court lacked authority to order the state court to act on petitioner's habeas petition); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997) (dismissing writ of mandamus for lack of authority where petitioner sought district court review of his state writ on the merits). Therefore, this Court does not have authority to direct the Defendants to grant the relief petitioner seeks regarding his state court criminal records. As such, Plaintiff's claims for mandamus relief will be denied.

## III. Conclusion

As discussed above, Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time. To the extent Plaintiff is requesting release from custody, his claims are not properly pursued in a § 1983 action. Thus, any habeas corpus claims Plaintiff may be asserting in this complaint are dismissed without prejudice. Additionally, to the extent that Plaintiff is seeking monetary damages, Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims barred by *Heck* are properly dismissed with prejudice "until the Heck conditions are met"). Lastly, this Court does not have the authority to grant the mandamus relief requested by Plaintiff.

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2010.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE